# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS

**Heidi McCalla**                                                                                  **Plaintiff**

**v.**                          **CASE NO. 3:14CV00153 JTR**

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                                    **Defendant**

## ORDER AFFIRMING THE COMMISSIONER

Heidi McCalla seeks judicial review of the denial of her application for disability insurance benefits (DIB) and supplemental security income (SSI). McCalla applied for DIB and SSI on September 9, 2008, with an alleged onset date of September 4, 2008.[1] McCalla last worked as a retail cash clerk in 2008.[2] She bases disability on severe depression and back pain.[3]

**The Commissioner's decision.** The Commissioner's ALJ determined that McCalla has not engaged in substantial gainful activity since the alleged onset date.[4] McCalla has severe impairments - back pain, obesity, vision issues, borderline intellectual functioning, bipolar disorder and depressive disorder.[5] None of McCalla's

---

[1] SSA record at pp. 251 & 255.

[2] *Id.* at pp. 74, 83 & 305.

[3] *Id.* at p. 298.

[4] *Id.* at p. 31.

[5] *Id.* at p. 32.

severe impairments meet the Listings.[6] McCalla can perform light work, but with the following limitations:

- can occasionally stoop and crouch;

- can never climb ladders;

- must avoid jobs requiring excellent vision, but can see well enough to avoid hazards;

- must avoid extreme cold;

- can understand, retain and carry out simple instructions;

- can make simple work related decisions;

- can perform work where the complexity of tasks is learned and performed by rote, with few variables and little judgment;

- can work in an environment with few, if any work place changes;

- can perform work where interpersonal contact is incidental to work performed; and

- can perform work where supervision required is simple, direct and concrete.[7]

The ALJ held that McCalla cannot perform any past relevant work, but can perform the positions of office helper and order clerk, positions identified by the vocational

---

[6] *Id.* at p. 32.

[7] *Id.* at p. 35.

expert (VE) as available in the state and national economies.[8] McCalla's application was denied.[9]

After the Commissioner's Appeals Council denied a request for review, the ALJ's decision became a final decision for judicial review.[10] McCalla filed this case to challenge the decision. In reviewing the decision, the Court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[11]

McCalla makes only one argument on review. She maintains that the ALJ's denial of disability benefits should be reversed because the VE's testimony conflicts with the Dictionary of Occupational Titles (DOT).

**DOT conflict.** McCalla argues that the two jobs identified by the VE - office helper and order clerk - require reasoning abilities greater than that assessed by the

---

[8]*Id.* at pp. 43-44.

[9]*Id.* at p. 45.

[10]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the appeal procedure permits claimants to appeal only final decisions).

[11]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny any applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

ALJ in the hypothetical. Office helper requires a level two reasoning ability and order clerk requires a level three reasoning ability. McCalla's argument is two-part. She first states that the hypothetical limited her to a level one reasoning ability. Therefore, she could not perform jobs requiring level two or three reasoning abilities. Second, she maintains that even if she was not limited to a level one reasoning ability, the "simple instructions" limitation contained in the hypothetical prevents her from performing jobs requiring level two or three reasoning abilities. Thus, McCalla asserts, the testimony of the VE conflicts with the DOT and it was error for the ALJ to hold that she can perform the positions identified. McCalla's arguments are unpersuasive.

During the hearing, the ALJ presented the VE with a hypothetical individual who, among other things, is limited to unskilled work - defined as the ability to understand, retain and carry out simple instructions. The VE identified office helper and order clerk as positions available to such an individual.

McCalla first maintains that, although not expressly stated, the hypothetical included a level one reasoning ability limitation. Level one reasoning requires "[a]pply[ing] commonsense understanding to carry out simple one- or to-step instructions."[12] McCalla asserts that in determining that she can perform only simple instructions, the ALJ relied on a July 2012 psychological evaluation finding that

---

[12] *Dictionary of Occupational Titles*, Appendix C, III.

McCalla "can remember and comply with simple one and two part instructions."[13] This establishes, according to McCalla, that the ALJ intended that McCalla be limited to simple one and two part instructions, and, therefore, McCalla was limited to a level one reasoning ability.

The ALJ did not limit the hypothetical individual to a level one reasoning ability. There is no mention of "simple one- and two-part instructions," in the hypothetical or the RFC, and the ALJ did not cite the July 2012 evaluation when outlining the unskilled work restriction. Indeed, the ALJ made note of the evaluation in the decision, but did not reference the psychologist's determination regarding "simple one and two part instructions."[14] McCalla's first argument fails.

For her second argument, McCalla maintains that an individual limited to "simple instructions," or unskilled work, cannot perform jobs requiring a level two or level three reasoning ability. In *Moore v. Astrue*, the Eighth Circuit specifically held that an individual limited to simple job instructions can perform work requiring level two reasoning.[15] In *Moore*, the claimant made an argument almost identical to that presented by McCalla. The Court in *Moore* noted that the ALJ did not limit the

---

[13]SSA record at p. 612.

[14]*Id.* at pp. 39 & 42.

[15]*Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010).

individual to "simple one- or two-step instructions," but only to "simple instructions."[16] The same is true in the instant case. There was no conflict between the DOT and the VE's testimony that McCalla can perform the position of office helper.

Although the Eighth Circuit has not unequivocally determined that individuals limited to unskilled work can perform jobs with level three reasoning ability requirements, it has given guidance on the issue. In *Renfrow v. Astrue*, the claimant could not perform complex, technical work and was limited to unskilled work.[17] The VE identified jobs requiring a reasoning level of three.[18] The Court stated that "[t]he jobs in question are both classified as unskilled and so do not appear to be 'complex.'"[19, 20] The Court then cited to another Eighth Circuit case, *Hillier v. Social Security Administration*, in which a VE opined that an individual limited to "simple, concrete instructions" could work in a position requiring level three reasoning.[21] As in *Moore*, the *Hillier* Court determined that there was no conflict. District courts

---

[16]*Id.*

[17]*Renfrow v. Astrue*, 496 F.3d 918, 920 (8th Cir. 2007).

[18]*Id.* at 921.

[19]*Id.*

[20]Both jobs identified by the VE in the instant case are classified as "unskilled."

[21]*See Hiller v. Social Security Admin.*, 486 F.3d 359, 367 (8th Cir. 2007).

within the Eighth Circuit have taken the language in *Moore* and *Hillier* to mean that individuals limited to unskilled work can perform jobs requiring a level three reasoning ability.[22]

This court follows the findings of the courts in *Renfrow*, *Hillier*, *Birlew* and *Spiller*. No conflict exists between the "simple instructions" limitation and the level three reasoning ability position - order clerk - identified by the VE. Level three reasoning ability requires an individual to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form," and "deal with problems involving several concrete variables in or from standardized situations."[23] This does not appear to conflict with an individual capable of carrying out "simple instructions." This seems particularly true when viewed through the lens of the DOT description of order clerk. According to the DOT, an order clerk

> Takes food and beverage orders over telephone or intercom system and records order on ticket: Records order and time received on ticket to ensure prompt service, using time-stamping device. Suggests menu items, and substitutions for items not available, and answers questions regarding food or service. Distributes order tickets or calls out order to

---

[22]*See Birlew v. Astrue*, No. 4:07CV01231 FRB, 2008 WL 2967108, at *18 (E.D. Mo. July 31, 2008); *Spiller v. Astrue*, No. 4:10CV2240 CAS(LMB), 2011 WL 7500572, at *19 (E.D. Mo. Oct. 31, 2011).

[23]*Dictionary of Occupational Titles*, Appendix C, III.

>   kitchen employees. May collect charge vouchers and cash for service and keep record of transactions.[24]

Further, the level three reasoning is the upper limit of jobs contained in the category of order clerk and is therefore not required of every job in that category.[25] There is no indication that the VE ignored the limitations contained in the hypothetical when she identified the positions available to McCalla.

Although the court finds that no error occurred, even if the VE's testimony regarding the position of order clerk conflicts with the DOT, any error was harmless because the VE identified another position available to McCalla that does not conflict with the DOT.[26] Therefore, even absent the alleged error, the ALJ would have denied disability benefits.

---

[24]*Id.* at 209.567-014.

[25]*See Page v. Astrue*, 484 F.3d 1040, 1045 (8th Cir. 2007) ("[A] claimant's reliance on the DOT as a definitive authority on job requirements is misplaced because *DOT* definitions are simply generic job descriptions that offer the approximate maximum requirements for each position, rather than their range." (internal quotation marks omitted)); *Wheeler v. Apfel*, 224 F.3d 891, 897 (8th Cir. 2000) ("The DOT itself cautions that its descriptions may not coincide in every respect with the content of jobs as performed in particular establishments or at certain localities.").

[26]*See Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012) ("To show an error was not harmless, [the claimant] must provide some indication that he ALJ would have decided differently if the error had not occurred.").

There is no conflict between the DOT and the VE testimony. Even if an error occurred, it was harmless.

**Conclusion.** Substantial evidence supports the ALJ's decision. No error occurred. The court DENIES McCalla's request for relief (docket entry # 2) and AFFIRMS the Commissioner's decision.

It is so ordered this 21st day of August, 2015.

_____
UNITED STATES MAGISTRATE JUDGE